NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANDA CIFUENTES-CHAVEZ DE LOPEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   17-70234 <br><br> Agency Nos.   A206-842-342 <br> A206-842-343 <br> A206-842-344 <br> A206-842-345 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2019[**]
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[***] District
Judge.

An immigration judge ("IJ") denied the applications of Amanda Cifuentes-

Chavez De Lopez and her minor daughters for asylum, withholding of removal, and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

relief under the Convention Against Torture ("CAT"), and the Board of Immigration Appeals ("BIA") dismissed their appeal. We have jurisdiction of this petition for review under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the denial of asylum. The record does not compel a finding that any previous threats, individually or collectively, rose to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Substantial evidence also supports the determination that the petitioners did not show a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 208.13(b)(2)(i).

2. Because the petitioners failed to show the well-founded fear of persecution required for asylum, they cannot show the clear probability of persecution necessary to obtain withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. Substantial evidence supports the denial of CAT relief. The evidence does not compel a conclusion that the petitioners are likely to be tortured "with the consent or acquiescence" of the Guatemalan government if returned to that country. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

**PETITION DENIED.**